# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § § | Criminal No. 18 CR 713 |
| JANIS JEAN FOWLER-GULDE, M.D., JONATHAN GULDE, | § § § § | UNDER SEAL |
| Defendants | § § § § § | 21 U.S.C. § 841(a)(1) 21 U.S.C. § 846 |

## INDICTMENT

The United States Attorney for the Southern District of Texas charges:

### General Allegations

At all times material to this Indictment, unless otherwise specified:

1. DR. JANIS JEAN FOWLER-GULDE ("**FOWLER-GULDE**") was licensed by the State of Texas to practice medicine and maintained a Drug Enforcement Administration ("DEA") Registration Number. **FOWLER-GULDE** used her family medicine practice to issue prescriptions for controlled substances outside the scope of professional practice and without a legitimate medical purpose.

2. **JONATHAN GULDE** was an employee of **FOWLER-GULDE** at her family medicine practice. **JONATHAN GULDE** assisted **FOWLER GULDE** in issuing prescriptions for controlled substances outside the scope of professional practice and without a legitimate medical purpose.

3. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical

professionals, the CSA made it "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance" or conspire to do so."

4. The CSA and its implementing regulations set forth which drugs and other substances are defined by law as "controlled substances," and assigned those controlled substances to one of five schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

5. Pursuant to the CSA and its implementing regulations, oxycodone was classified as a Schedule II controlled substance, 21 C.F.R. § 1308.12(b)(1)(xiii). Oxycodone, sometimes prescribed under brand names including Oxycontin, Roxicodone, Xtampza ER, and Oxaydo, was used to treat severe pain. Oxycodone, as with other opioids, was highly addictive.

6. Medical practitioners, such as physicians, who are authorized to prescribe controlled substances by the jurisdiction in which they are licensed to practice medicine are authorized under the CSA to prescribe, or otherwise distribute, controlled substances, if they are registered with the Attorney General of the United States. 21 U.S.C. § 822(b); 21 C.F.R. § 1306.03. A prescription for a controlled substance may only be dispensed, or filled, "by a pharmacist, acting in the usual course of his professional practice, and either registered individually or employed in a registered pharmacy . . . ." 21 C.F.R. § 1306.06. Upon application by the practitioner, the Drug Enforcement Administration ("DEA") assigns a unique registration number to each qualifying physician, pharmacist, or pharmacy.

7. Under Chapter 21 of the Code of Federal Regulations, Section 1306.04(a), a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription. An order purporting to be a prescription issued not in the usual course of professional treatment or in legitimate and authorized research [is] not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, [is] subject to the penalties provided for violations of the provisions of law relating to controlled substances."

8. All prescriptions for controlled substances "shall be dated as of, and signed on, the day when issued and shall bear the full name and address of the patient, the drug name, strength, dosage form, quantity prescribed, directions for use, and the name address and registration number of the practitioner." 21 C.F.R. § 1306.05(a). "The refilling of a prescription for a controlled substance listed in Schedule II is prohibited." 21 C.F.R. § 1306.12(a); 21 U.S.C. § 829(a).

## COUNT ONE
**Conspiracy to Unlawfully Distribute and Dispense Controlled Substances**
**(21 U.S.C. § 846)**

9. All previous paragraphs of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

10.     From in or around August 2018 through in or around November 2018, the exact dates being unknown to the Grand Jury, in the Houston Division of the Southern District of Texas and elsewhere, Defendants

**JANIS JEAN FOWLER-GULDE** and **JONATHAN GULDE**

knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly, intentionally, and unlawfully distribute and dispense, mixtures and substances containing a detectable amount of controlled substances, including Oxycodone, a Schedule II controlled substance, not with a legitimate medical purpose and outside the scope of professional practice.

All in violation of Title 21, United States Code, Section 846.

### Purpose of the Conspiracy

11.     It was the purpose and object of the conspiracy for Defendants to unlawfully enrich themselves by, among other things: (a) distributing and dispensing controlled substances without a legitimate medical purpose and outside the scope of professional practice; (b) generating profits from selling controlled substances; and (c) diverting the proceeds from those controlled substance sales for the personal use and benefit of Defendants and their coconspirators, known and unknown to the Grand Jury.

### Manner and Means of the Conspiracy

The manner and means by which Defendants and their coconspirators sought to accomplish the purpose and object of the conspiracy included, among other things:

12. **FOWLER GULDE** maintained a Texas medical license and a DEA Registration Number. With these credentials, **FOWLER-GULDE** wrote prescriptions for Schedule II controlled substances, including oxycodone.

13. **JONATHAN GULDE** worked as a Medical Assistant, and assisted **FOWLER-GULDE** in writing oxycodone prescriptions outside the scope of professional practice and not for a legitimate medical purpose.

14. **FOWLER-GULDE** and **JONATHAN GULDE** exchanged oxycodone prescriptions for cash, without conducting any medical examination on patients, and for patients who were not physically present.

15. **FOWLER-GULDE** and **JONATHAN GULDE** researched and used false diagnosis codes on oxycodone prescriptions to suggest a legitimate medical purpose.

All in violation of Title 21, United States Code, Sections 846 & 841(b)(1)(C), (b)(2).

## COUNTS TWO - FIVE
### Distribution of Controlled Substances
### (21 U.S.C. § 841 & 18 U.S.C. § 2)

16. All previous paragraphs of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

17. On or about September 12, 2018, in the Southern District of Texas, Harris County, Texas, and elsewhere, Defendants,

**JANIS JEAN FOWLER-GULDE and JONATHAN GULDE,**

aiding and abetting and aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally distribute and dispense, and cause to be distributed and dispensed, not for a legitimate medical purpose and outside the scope of professional practice, the following controlled substances:

5

| Count | Controlled Substance | Quantity | Strength | "Patient" |
|-------|---------------------|----------|----------|-----------|
| 2 | Oxycodone | 120 | 30 | HR |
| 3 | Oxycodone | 120 | 30 | TJ |
| 4 | Oxycodone | 120 | 20 | AA |
| 5 | Oxycodone | 120 | 10 | JM |

All in violation of Title 21, United States Code, Section 841(a), (b)(1)(C) & Title 18, United States Code, Section 2.

//

//

//

## NOTICE OF CRIMINAL FORFEITURE
## (21 U.S.C. § 853)

12. The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

13. Pursuant to Title 21, United States Code, Section 853, the United States gives notice to the defendants **FOWLER-GULDE** and **JONATHAN GULDE** that upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, the following property shall be subject to forfeiture:

   a. All property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and

   b. All property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense.

14. The defendants

   **JANIS JEAN FOWLER-GULDE and JONATHAN GULDE,**

are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

15. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

_____
FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
DEVON HELFMEYER
TRIAL ATTORNEY
FRAUD SECTION, CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE